IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

**TONI JACKSON, individually and on behalf of all others similarly situated,**

Plaintiff,

v.

**JERSEY COMMUNITY HOSPITAL,**

Defendant.

Case No. 3:21-CV-00848-NJR

## <u>MEMORANDUM AND ORDER</u>

**ROSENSTENGEL, Chief Judge:**

In October 2022, Plaintiff Toni Jackson filed a Second Amended Complaint alleging violations of the Fair Debt Collection Practices Act, 15 U.S.C. § 1692, *et seq.*, against former Defendant Consumer Collection Management, Inc. ("CCM")[1] and violation of the Illinois Consumer Fraud and Deceptive Business Practices Act, 815 ILCS 505/2 ("ICFA"), against Defendant Jersey Community Hospital ("JCH"). (Doc. 44). In December 2023, pursuant to the discovery phase, JCH served Jackson with its First Requests for Interrogatories, First Requests for Production, and Requests for Admission. (Doc. 80, p. 1). A month later, CCM reached out to Jackson seeking a short extension for discovery responses. (*Id.*). Through their email exchange, CCM and Jackson agreed to a mutual 30-day extension until February 15, 2024. (Doc. 81-2). Jackson purportedly believed that JCH was also involved in the email exchange and recorded the extension

---

[1] Jackson and CCM settled all pending claims in this action, and the Court dismissed CCM from the case with prejudice. (*See* Docs. 93; 96; 98).

for both CCM and JCH. (*Id.*). In reality, JCH was not on the email chain, and thus, never consented to the 30-day extension. (*Id.*).

Because JCH never agreed to an extension, Jackson's responses were due on January 16, 2024. (Doc. 81, p. 2). Under the impression there was a mutual extension, Jackson failed to submit responses by this deadline. (*Id.*). Almost a month later, on February 12, 2024, JCH contacted Jackson to check on the overdue responses. (Doc. 81-2). Realizing the mistake, Jackson requested an extension to February 15, 2024. (*Id.*). JCH granted an extension for the Interrogatories and Requests for Production but denied any extension for the Requests for Admission. (*Id.*). According to JCH, such matters were already deemed admitted per the Federal Rules of Civil Procedure. (*Id.*).

Jackson seeks leave to withdraw and amend four of the 10 responses to JCH's Requests for Admission. (*Id.*; Doc. 80). Specifically, she wishes to deny three of the Requests for Admission (Nos. 2, 5, and 10) and to object to one request (No. 9). (Doc. 80-1).

Now pending before the Court is her Motion for Leave to Withdraw and Amend. (Doc. 79). JCH filed a timely response in opposition. (Docs. 81; 83). For the reasons discussed below, the motion is granted in part and denied in part.

## LEGAL STANDARD

Federal Rule of Civil Procedure 36(a) "provides that a party must answer each matter for which an admission is requested within 30 days or the matter is deemed admitted." *United States v. Kasuboski*, 834 F.2d 1345, 1349 (7th Cir. 1987) (citing FED. R. CIV. P. 36(a)). Under Rule 36(b), matters admitted are "conclusively established unless the court, on motion, permits the admission to be withdrawn or amended." FED. R. CIV. P.

Page 2 of 10

36(b). "The purpose of Rule 36 is to permit the person obtaining the admission to rely thereon in preparation for trial." *Gardner v. Southern Ry. Systems*, 675 F.2d 949, 954 (7th Cir. 1982). Importantly, Rule 36 ensures that actions are "resolved on the merits, while at the same time assuring each party that justified reliance on an admission in preparation for trial will not operate to his prejudice." FED. R. CIV. P. 36(b) advisory committee's note to 1970 amendment.

District courts can exercise their discretion to allow a party to withdraw or amend an admission under Rule 36(b) when (1) the presentation of the merits is better served by doing so, and (2) the party benefiting from the admission is not prejudiced in defending the case on the merits. *Banos v. City of Chicago*, 398 F.3d 889, 892 (7th Cir. 2005). Courts focus on this two-prong test rather than place emphasis on the moving party's excuse for the erroneous admission. *Anderson v. Hansen*, 583 F. Supp. 3d 1180, 1186 (E.D. Wis. 2022). The party seeking to withdraw carries the burden of showing that permitting withdrawal better subserves the merits of the case. *Nasrabadi v. Kameli*, No. 18 CV 8514, 2020 WL 4274002, at *1 (N.D. Ill. July 23, 2020). Whereas, the party opposing withdrawal bears the burden of demonstrating that permitting withdrawal would prejudice them. *Id.*

## DISCUSSION

While Jackson agrees to maintain her admissions to six of JCH's Requests for Admission, she seeks to withdraw and amend to deny Admissions 2, 5, and 10. Respectively, those Admissions state:

- You received four statement notices from JCH relating to the 08/28/2018 Date of Service, as alleged in Paragraph 44 of the Complaint.

- Because you assumed these statement notices were a mistake, you ignored them.

- Other than the one instance as alleged in the Complaint, JCH has never attempted to double collect a debt from you.

(Doc. 80-1). Further, Jackson seeks to withdraw and amend to raise an objection to Request for Admission 9 for its vagueness. Admission 9 states:

- You did not pay JCH any money relating to the 08/28/2018 Date of Service.

(*Id.*). In particular, Jackson takes issue with the characterization that she did not pay when her Medicaid benefits paid on her behalf.

## I.    *Promotes the Presentation of the Merits*

Generally, the first prong of Rule 36(b)'s test can be met when the deemed admissions effectively resolve the case or would practically eliminate any presentation of the merits of the case. *Potts v. Transamerica Life Ins. Co.*, No. 4:23-CV-24, 2024 WL 551863, at *4 (N.D. Ind. Feb. 9, 2024); *Conlon v. United States*, 474 F.3d 616, 622 (9th Cir. 2007). Moreover, withdrawal may be appropriate when "a fuller presentation of the merits of the case" would be achieved "because the party who otherwise would be bound has evidence" contrary to the admissions. *Nasrabadi,* 2020 WL 4274002, at *2; *see also Anderson*, 583 F. Supp. 3d at 1188-90 (withdrawal not permitted where admissions did not contradict record such that an unjust result would be rendered).

Jackson argues that withdrawal of the four challenged admissions would better serve the presentation of her case on the merits. She asserts that the contested admissions bear directly on the elements of her ICFA claim against JCH. Briefly, to state a claim under

the ICFA, a plaintiff must demonstrate: "(1) a deceptive or unfair act or promise by the defendant; (2) the defendant's intent that the plaintiff rely on the deceptive or unfair practice; and (3) that the unfair or deceptive practice occurred during a course of conduct involving trade or commerce." *Camasta v. Jos. A. Bank Clothiers, Inc.*, 761 F.3d 732, 739 (7th Cir. 2014). A plaintiff must also show that they were actually deceived and that the defendant's misrepresentation proximately caused the injury. *See O'Connor v. Ford Motor Co.*, 477 F. Supp. 3d 705, 720 (N.D. Ill. 2020) (citing *De Bouse v. Bayer*, 922 N.E.2d 309, 316 (Ill. 2009)).

The Court finds that withdrawal and amendment of Admissions 5 and 9 would allow for a fuller presentation of the merits of the case, as explained below. But for Admissions 2 and 10, Jackson has not persuaded the Court that withdrawal and amendment better promotes the merits.

Jackson argues that Admission 5—she ignored the statement notices because she assumed they were a mistake—interferes with her ability to prove the deception and intent elements of her ICFA claim. In addition, Jackson claims that such an admission contradicts the allegations in her complaint, and, thus, inhibits her in showing that she was actually deceived and that JCH proximately caused her injury. In response, JCH emphasizes that Admission 5 is consistent with the facts of the case. JCH points to Jackson's admission to the preceding Request for Admission—that she assumed the statement notices were a mistake. JCH also contends that Jackson undisputedly took no action upon receiving the notices. Because the admission is consistent with the facts, according to JCH, it does not affect Jackson's ability to present her case.

The Court agrees with Jackson that Admission 5 could interfere with her ability to establish the requisite elements of an ICFA violation. As outlined above, Jackson must show that she was actually deceived by JCH's deceptive or unfair act and that JCH intended for her to rely on that act. Jackson alleges that JCH assured her that they accepted Medicaid, who would be billed for the services she received at JCH. She claims she relied on that assurance and believed that the statements required no action, thus misconstruing them. An admission affirming that Jackson simply "ignored" the notices as mistakes may harm her ability to show that she relied on JCH's prior communications and that JCH intended for her to do so. Moreover, such an admission may diminish her ability to show that JCH's misrepresentation, rather than her own ignorance, proximately caused her injury. Permitting Jackson to withdraw and amend Admission 5 would lead to a fuller presentation of the merits of the case.

As to Admission 9, Jackson seeks withdrawal and plans to object to the request as vague on the meaning of "you did not pay." Primarily, Jackson objects because her Medicaid benefits did pay JCH on her behalf. Jackson argues that Admission 9 hinders her ability to prove course of conduct involving trade or commerce, an element of her ICFA claim. In opposition, JCH again argues that the admission tracks with the facts of the case and allegations in the operative complaint. Particularly, Jackson admitted to the preceding two requests (7 and 8) that her health insurance paid the balance of $321.00 to JCH in May 2019 and that she did not personally pay the balance of $321.00 to JCH.

The Court agrees that Request for Admission 9 is vague and, if deemed admitted, risks unnecessary confusion with the other admitted matters along with

mischaracterization of the facts of the case. Admissions 7 and 8 capture more accurate and particularized information as to the source of payment, making Admission 9 unnecessary altogether. Allowing Jackson leave to withdraw Admission 9 better serves the merits of the case and prevents distortion of the involvement of Medicaid, which is relevant to the commerce requirement.

Turning to Admission 2, Jackson has not met her burden of establishing that withdrawal subserves the merits. In Jackson's Second Amended Complaint, she alleges, "Defendant JCH sent communications in the form of statement notices to Plaintiff for an unpaid balance of $321.00 for medical services from the August 28, 2018, date of service to Plaintiff on September 16, 2018, October 14, 2018, November 11, 2018, and December 9, 2018." (Doc. 44, ¶ 44). JCH correctly reads the Amended Complaint as identifying four communications. The only distinction between the Amended Complaint and Admission 2 is that Jackson *received* the statement notices. But in the subsequent paragraph of the Amended Complaint, Jackson alleges that she "assumed the communications were a mistake." (Doc. 44, ¶ 45). For this to be true, she must have received the notices. Moreover, Jackson explicitly reaffirmed to this Court that she "provided the dates she received overdue statement notices" in her Amended Complaint. (Doc. 54, p. 4). Jackson's argument that Admission 2 misstates her complaint is unavailing. Because Jackson failed to set forth any other basis for withdrawal of Admission 2 or to provide any conflicting evidence, Jackson cannot establish that withdrawal of Admission 2 promotes the merits of the case.

Lastly, Request for Admission 10 states, "Other than the one instance as alleged in

the Complaint, JCH has never attempted to double collect a debt from you." (Doc. 80-1). Jackson asserts that Admission 10 bears directly on JCH's continued unfair and deceptive acts and its intent that she rely on those acts. JCH counters that Admission 10 creates no conflict with Jackson's Amended Complaint. According to JCH, Jackson did not allege more than one incident where JCH attempted to double collect payment from her. Further, JCH contends that Jackson offers no evidence of any additional attempts.

As with Admission 2, Jackson fails to present any cogent basis for permitting withdrawal of Admission 10. Instead, Admission 10 is consistent with Jackson's Amended Complaint. While discovery is ongoing, Jackson points to no evidence that JCH attempted to double collect from her more than once. JCH explains that it has repeatedly requested evidence of additional attempts, which Jackson would possess, to no avail. Absent any contradictory evidence, Jackson may not withdraw and amend Admission 10.

As Rule 36(b)'s test is conjunctive, meaning both elements must be satisfied, Jackson's Motion for Leave to Withdraw and Amend as to Admissions 2 and 10 is denied.

## II.   *Prejudice to JCH*

"Rule 36(b)'s second prong requires the court to ascertain whether the non-moving party would be prejudiced by a withdrawal or amendment of admissions." *Perez v. Miami-Dade Cnty.*, 297 F.3d 1255, 1266 (11th Cir. 2002). Simply being forced to prove one's case on the merits does not amount to the sort of prejudice that satisfies Rule 36(b). *Wells v. EMF Corp.*, 757 F. Supp. 2d 791, 796 (N.D. Ind. 2010). Instead, the prejudice prong relates to *difficulty* a party may experience in proving its case, including challenges with witness

availability or the sudden need to acquire evidence regarding issues already deemed admitted. *Brook Vill. N. Associates v. General Elec. Co.*, 686 F.2d 66, 70 (1st Cir. 1982). To be sure, "[m]ere inconvenience does not constitute prejudice for this purpose." *Raiser v. Utah Cnty.*, 409 F.3d 1243, 1246 (10th Cir. 2005).

In her motion, Jackson asserts that JCH will not suffer prejudice if she is permitted to withdraw her admissions. Jackson highlights that discovery is in its early phases. In addition, there have been no dispositive motions filed nor are the pending discovery deadlines close. Furthermore, Jackson volunteers to file her amended responses to the four challenged Requests for Admission immediately following entry of this Order.

On the other hand, JCH argues that permitting Jackson to withdraw the admissions would create prejudice. JCH contends that it relied on the admissions and their parallel allegations in preparing its case strategy, including its Answer and Affirmative Defenses. JCH also asserts that Jackson has not been forthcoming with other forms of discovery, namely JCH's request that Jackson identify "all representations or omissions that constitute JCH's deceptive or unfair practices, as alleged in the Complaint." (*See* Doc. 81, p. 7).

JCH has not carried its burden in persuading the Court that it will be prejudiced if Jackson is permitted to withdraw and amend Admissions 5 and 9. Regarding the source of the payment (Admission 9), there does not appear to be any dispute that Jackson did not pay personally or out-of-pocket, but rather Medicaid, as her insurance, paid JCH on her behalf. Instead, the requested admission unnecessarily muddies the issue. Permitting withdrawal of this admission does not prejudice JCH in maintaining its defense on the

merits. Moreover, as to Jackson's ignorance of the statement notices, JCH will not be prejudiced in having to prove its case that she did not rely on JCH's prior communications, that JCH did not intend for her to so rely, and that JCH's representation did not proximately cause her injury. Surely, JCH would need more than Admission 5 to do so anyway. Moreover, JCH has ample time to obtain evidence relating to both the source of payment issue and how Jackson handled the statement notices. The Court recently granted a joint motion to amend the scheduling order, which extended many discovery deadlines along with the presumptive trial month. As a result, the presumptive trial month has been reset for March 2026. (Doc. 99).

Because JCH cannot show prejudice in light of the withdrawal of Admissions 5 and 9, the Court will permit Jackson to withdraw and amend her responses to those Requests for Admission.

## CONCLUSION

Plaintiff Toni Jackson's Motion for Leave to Withdraw and Amend (Doc. 79) is **GRANTED in part** with respect to Admissions 5 and 9. Jackson's Motion is otherwise **DENIED** as to Admissions 2 and 10. Jackson shall submit her revised Admissions to JCH on or before **September 23, 2024**.

**IT IS SO ORDERED.**

**DATED:   September 16, 2024**

_____
**NANCY J. ROSENSTENGEL**
**Chief U.S. District Judge**